AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 2 1 2025
ARTHUR JOHNSTON
BY _____ DEPUTY

| United States of America | ) |
|---|---|
| v. | ) |
| William Isaac Umul-Umul | ) Case No. |
| | ) 1:25-mj- 19-BWR |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 20, 2025__ in the county of __Hancock__ in the __Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Unlawful Return to the United States by an Alien After Deportation or Removal |

This criminal complaint is based on these facts:

See Affidavit attached hereto and incorporated herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

HSI/SA Troy McCarter
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/21/2025
_____
*Judge's signature*

City and state: Gulfport, Mississippi
Bradley W. Rath, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

STATE OF MISSISSIPPI            )
COUNTY OF HARRISON              )
SOUTHERN DISTRICT OF MISSISSIPPI )

I, Troy McCarter, being first duly sworn, hereby depose and say that:

1. Affiant, Troy McCarter, is a Special Agent (SA) with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and has been so employed since in or about November 2009. He is a graduate of the Federal Law Enforcement Training Center (FLETC) where your affiant received extensive training, and has thereafter, had substantial experience and continuing formal training, concerning immigration investigations.

2. On or about February 20, 2025, US Border Patrol Agent (BPA) Austin LaFollette, observed a white Nissan Altima bearing a certain Texas license plate number, traveling east bound on Interstate 10 at or around the I-10/I-12 interchange in Louisiana. BPA Lafollette followed the vehicle and queried the Texas license plate. Queries revealed the vehicle is registered to William Isaac Umul-Umul out of Houston, Texas. Further queries of Umul-Umul by BPA LaFollette revealed that Umul-Umul was previously arrested by immigration authorities and had been lawfully removed from the United States.

3. Based on the previous immigration information, BPA LaFollette initiated a traffic stop of the vehicle for an immigration inspection. The driver put on the hazards lights and continued driving at a slow speed for about 100 yards. The driver finally pulled off the interstate and onto the right shoulder at or near Mile Marker 2 in Hancock County in the Southern Division of the Southern District of Mississippi. BPA LaFollette approached the vehicle and observed William Isaac Umul-Umul in the driver's seat and another person in the front passenger seat of the vehicle who later

was identified as Juan Gabriel Umul-Umul, the driver's brother who also is an illegal alien from Guatemala; but, for whom this was his first encounter by US Immigration Officials.

4. BPA LaFollette knocked on the window of the vehicle, but neither the driver nor the passenger lowered the window to speak with BPA LaFollette. BPA LaFollette observed both the driver and the passenger on their cellphones ignoring BPA LaFollette. Eventually the driver lowered the passenger window approximately two inches to speak with BPA LaFollette. When asked where they were going, the driver told BPA Lafollette they were going to work in Mississippi.

5. The driver again appeared to ignore BPA LaFollette when the Agent asked him for his driver's license. The driver eventually provided BPA Lafollette with his Guatemalan passport bearing the name William Isaac Umul-Umul, the same name the vehicle was registered to and subject of the previously mentioned immigration information. A Hancock County Sheriff's Deputy had arrived as back-up and Defendant Umul-Umul and his brother, Juan Gabriel Umul-Umul, were administratively detained and transported to the New Orleans Border Patrol station for further identification and immigration/removal processing.

6. At the New Orleans Border Patrol Station, BPA LaFollette advised Defendant William Isaac Umul-Umul of his administrative rights in Removal Proceedings to which he acknowledged that he understood these rights. Both Defendant Umul-Umul and his brother claimed to be citizens and nationals of Guatemala without any documents that would allow them to enter, pass through, or remain the United States legally. Defendant William Isaac Umul-Umul also admitted to illegally crossing the international boundary without being inspected by an Immigration Officer at a designated Port of Entry. Defendant Umul-Umul admitted to illegally entering into the United States on or about June 5, 2019, at or near Nogales, Arizona.

7. Queries of William Isaac Umul-Umul via immigration databases, verified by a fingerprint match by computer, revealed Umul-Umul had been apprehended by the US Border Patrol in or near Nogales, Arizona, and charged with violation of Title 8, United States Code, Section 1325 –

Unlawful Entry of the United States (a misdemeanor). On or about March 7, 2019, Defendant Umul-Umul was convicted of this offense and sentenced to two days confinement and ordered removed from the United States. On or about April 25, 2019, based on the removal order issued in his case, Umul-Umul physically was removed from the United States.

8. When it was determined that William Isaac Umul-Umul was subject to criminal prosecution, he was transported back to the Gulfport Border Patrol Station for further processing and investigation. H.S.I. SA McCarter responded to the Gulfport Station and, together with USBP Agent Maricio Guzman, conducted a video-recorded Post-Miranda interview with Defendant Umul-Umul in which he confessed to illegally reentering the US after removal.

9. Finally, investigation revealed that Defendant Umul-Umul has not received consent or permission from either the Attorney General of the US or from the Secretary of Homeland Security to apply for readmission to the US or to reenter the US. Therefore, based on these facts, there is probable cause to believe that William Isaac Umul-Umul knowingly and intentionally violated Title 8, United States Code, Section 1326(a) - Unlawful Return to the United States by an Alien After Deportation or Removal.

_____
Troy McCarter
Special Agent
Homeland Security Investigations

Sworn to and subscribed before me
on this, the 21st day of February, 2025.

_____
Bradley W. Rath
United States Magistrate Judge